Judge Mills
delivered the Opinion of the Court.
This is a warrant for a forcible entry and detainer. The jury before the justice of the peace, returned a verdict of guilty against the defendant, who, by a traverse, brought it into the circuit court, where the jury confirmed the former finding, and the defendant in the warrant has brought the case to this court, by an appeal.
The warrant is dated March 13, 1320. The ex-execution thereof on the 14th of March, 1823, and returned, and the first inquisition taken on the lfth March, 1823,
The proof was, that Thomas Lewis, by articles of agreement, on the 29th day of September, 1819, sold to the plaintiff in the warrant, 1000 acres of land by a specified boundary, and the plaintiff in the warrant, made a lease of a little farm on said 1000 acres, and that the lease extended only to the enclosed land, and the plaintiff in the warrant placed a negro man slave on the said farm with the lessee and under his control, and the slave proceeded to clear and enclose more adjoining land, and continued to do so, the timber having been previously deadened by a person employed by Lewis, before his sale to the plaintiff in the .warrant, That in November, 1820, the defendant in the warrant moved to, and settled on, another part of the 1000 acres, and cleared and enclosed about 35 acres, the enclosure, of which, was not finished till some time in April, 1321. This improvement did not approach that made by the slave and lessee of the plaintiff in the warrant nearer than one fourth of a mile, and was in a deadened piece of timber, made by the procurement of Lewis, before his sale to the plaintiff.
On this evidence, divers instructions were moved by the parties, and some given and some refused. 4 bow trial was moved, hut overruled, and the dc- *262 feud ant in the warrant excepted, and spread the whole upon record.
3hstrustions.
An entry into, unimproved land, with an intention to clear and fit it for cultivation, is within the statute against forcible entries.
From the time of such entry, the limitation of two years commences; not from the enclosing of the land.
.Date of the warrant years before its return, cannot be corrected here by the sheriff’s return.
■Warrant'iti forcible entry cannot be executed after 30 days from its (late.
The defendant moved the court to instruct the jury, that if they believed the defendant took possession of the farm in November, 1820, and then commenced clearing,, although he did not finish enclosing the land until April 1821, the plaintiff was barred, by that provision of the act regulating forcible entries and detainers to two years after the cause of action accrued. The court refused this instruction, and afterwards told the jury, that an occasional chopping on land would not stop the running of the statute, but the statute only commenced running from the time the deadening was enclosed.
The refusal of the instruction asked, as well as that given, was certainly calculated to embarrass tbe jury and lead them astray. It was clearly erroneous, after the proof that the defendant had settled on the land, to say, that it gave no cause of action to the plaintiff, or any other who had the possession in fact, or to limit the commencement of the bar to any other period than the entry of the defendant. It was ntft essential to the cause of action, that an enclosure should be made as the court supposed. And although occasional chopping, as the court expresses it, may not be a possession, yet an actual entry with tbe intent of clearing ami fitting the land for cultivation, is indubitably an entry within the meaning of the statute, and the court erred ip fixing any other period.
The defendant moved for a nevy trial, which was refused.
The great lapse of time between the date of this • warrant and the execution thereof, is a matter of some embarrassment in this cause, and there is' some probability that the date was written by mistake 1820 for 1823. We say probability, for there is no certainty, and there is nothing in the proceedings by which we can amend the date, except the return of the officer, and that is not sufficient.'
The law requires such warrants to be returned in thirty days, and if they arc not executed in that time, they confer no authority, and an officer ought, not to execute them.
That an officer, in such “inii/war-^ rant bearing date three before, oiont evidevice that ^mistake'^
where the warrant is in-the^r'erfd¡ngasustained only by con-¿n'ílaut’i°a pearing and" traversing the fie wafvor of the irregularity, counted back from the ap. pearanco.
Darby for appellant; Hardin for appellee.
The presumption that the officer would not have executed this, after three years had elapsed since its date, unless its date had been mistaken, is too
weak evidence against the date. This warrant must be considered either as a valid warrant from its date in 1820, or wholly invalid. If it is valid, then it is dated before any entry of any kind provcd against the defendant, and therefore (he plaintiff could not recover, and the verdict ought to have been set aside, and a new trial granted.
If the warrant is considered invalid; then the proceedings .under it can only he sustained by supposing that the defendant! by appearing and answering thereto, and traversing the finding of the jury, has waived its irregularity, if so, then the proceedings cannot be said to commence till the appearance of the defendant, and the bar of two years is to be counted back from that period, and then the plaintiff’s cause of action, according to the proof, was indubitably barred. Therefore, the instruction above recited, ought to have been given as asked, and no verdict found, according to the proof, ought to have been permitted to stand.
The judgment of the court below must, therefore, be reversed with costs, and the verdict set aside, and the cause be remanded for new proceedings, not inconsistent with this opinion.